UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

         -v.-                                    ORDER

CALVIN LEMBHARD,                        No. 17-CR-364-11 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

     Before the Court is Defendant Calvin Lembhard's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), (ECF No. 653), and the Government's opposition thereto, (ECF No. 656). Defendant was convicted of violation of 18 U.S.C. § 924(c)(1)(A)(iii) and sentenced principally to 120 months' imprisonment, (ECF No. 290), which was the applicable mandatory minimum, (ECF No. 246 ¶ 49). .

     Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13(a), p.s. The Policy Statement, as amended, *see United States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[1] identifies

---

[1] I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4; *see United States v. Corbett*, No. 10-CR-184,

as extraordinary and compelling certain circumstances relating to medical condition, age, family, prison abuse, and unusually long sentences, as well as any other circumstances of similar gravity, *see* U.S.S.G. § 1B1.13(b)(1)-(6).  "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

The motion is denied, essentially for the reasons stated by the Government.  On the portion of the motion form for extraordinary and compelling reasons, Defendant checked the boxes for medical condition, need to care for family, and physical abuse resulting in serious bodily injury.  With respect to medical condition, he mentions his childhood lead poisoning and corresponding developmental delays and cognitive deficits, as well as treatable or minor physical ailments such as high blood pressure and lower back pain.  The medical records provided by the Government show that Defendant is getting regular attention and do not suggest that he suffers from any extraordinary or unusual medical conditions that would meet the threshold of U.S.S.G. § 1B1.13(b)(1).  While he continues to suffer from mental health issues, that is, alas, not unusual, and the Bureau of Prisons ("BOP") is treating Defendant, although his medication compliance is inconsistent.  Unfortunately, childhood traumas that negatively affect development are also not unusual, and in any event I was aware of Defendant's lead poisoning at the time of sentencing

---

2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated.").  But the outcome here would be the same even under *Brooker* and the old version of 1B1.13. Unless otherwise indicated, all case quotations omit internal citations, quotation marks, footnotes and alterations.  The Court will send Defendant copies of any unreported cases cited in this Order.

and took it into account in concluding that a sentence of no more than ten years was necessary, despite the seriousness of the conduct. (ECF No. 495.)

Defendant provides no information suggesting that he meets the threshold set forth in U.S.S.G. § 1B1.13(b)(3) for family circumstances. Not only does he not describe any individual for whom he would be the only available caregiver, but both his proposed release plan and his Presentence Report describe family members who would presumably be available for such care if there were such an individual. Defendant's desire to be with his family is of course understandable, but it is not out of the ordinary. Separation from family members is one of "the sad and inevitable consequences of incarceration." *United States v. John*, No. 15-CR-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020).

Defendant does not identify the physical abuse resulting in serious bodily injury, but he does mention being stabbed by an inmate in 2020. I will assume that this unfortunate incident resulted in serious bodily injury, but it nevertheless does not meet the threshold of U.S.S.G. § 1B1.13(b)(4), which requires the injury to be committed by or at the direction of a BOP employee or other person having custody, and that it be established by a court case or administrative proceeding.

Defendant also notes that he is ineligible for First Step Act credits because of the nature of his offense, but that, too, is commonplace. Defendant also relies on the fact that the Bureau of Prisons will not credit him for 22 months he spent in state custody for a parole violation. I was also aware of that fact when I decided not to go above the mandatory minimum. (ECF No. 495.)[2]

---

[2] I imagine that the Government also took the state custody and Defendant's childhood and mental health issues into account in offering Defendant the favorable plea agreement he accepted.

Further, it is not extraordinary that new federally charged criminal conduct while on parole may result in state time that is not be credited toward a federal sentence, and that Defendant was enjoying the benefit of parole while committing federal crimes is hardly a compelling reason to reduce his sentence.

In short, the circumstances to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling.

Even if they did, I would have to consider the § 3553(a) factors, and they weigh strongly against a sentence reduction. Defendant's offense was incredibly serious. As part of his membership in a violent gang, he committed two shootings – one that resulted in his rival getting hit in both arms, and one that damaged a car that contained several people, including a toddler. He had three prior convictions and two violations of parole, and, as noted, was on parole at the time. Reducing his sentence for two shootings below ten years would fail to recognize the seriousness of the offense, would not be just punishment and would promote disrespect for the law. This is especially so given his abysmal disciplinary record in prison. Although his last incident was in 2023, he has racked up more than two dozen disciplines in his eight years in federal custody. This record suggests that he is not prepared to be law-abiding and therefore there is a continuing need for specific deterrence and protection of the public.

Mr. Lemhard is to be commended for improving his literacy and his recent better behavior. I hope he will continue on that path, for his own sake and that of the community. But for the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to

terminate ECF No. 653 and to send a copy of this Order to Calvin Lembhard, No. 79256-054, USP Coleman II, U.S. Penitentiary, P.O. Box 1034, Coleman, FL 33521.

Dated: March 31, 2025
      White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.